UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JANE A. RESTANI

| | |
|---|---|
| BRANDON CHEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>U.S. CUSTOMS AND BORDER )<br>)<br>PROTECTION, )<br>)<br>Defendants. ) | Court No. 24-00208 |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD**

# TABLE OF CONTENTS

I.   STANDARD OF REVIEW..................................................................................... 2

II.   DEFENDANTS FALSELY ACCUSE PLAINTIFF OF PRESENTING NEW EVIDENCE........................................................................................................... 3

III.   SECTION 1641(E) IS IRRELEVANT TO PLAINTIFF'S LEGAL ARGUMENTS ..... 4

IV.   EXAM QUESTIONS ........................................................................................... 5

# TABLE OF AUTHORITIES

**CASES**

*Loper Bright Enterprises v. Raimondo*,
603 U.S. 369, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024) ("Loper Bright") ................................... 2

**STATUTES**

19 U.S.C. § 1641(e) ................................................................................................................ 4

19 U.S.C. Code § 1641(b)(2) ................................................................................................... 2

**SOURCES**

*Fish and Fishery Products Hazards and Controls Guidance*, Department Of Health And Human Services Public Health Service Food And Drug Administration Center For Food Safety And Applied Nutrition Office Of Food Safety (June 2022) ........................................................... 13

https://tinyurl.com/4jf7nyc6p; https://tinyurl.com/33cy9v2a ...................................................... 8

https://tinyurl.com/58ttpmjz; https://tinyurl.com/3v4svs5h; https://tinyurl.com/ycx4ma3a .......... 9

https://tinyurl.com/ms2pw9u4; https://tinyurl.com/y92tt3d7 ...................................................... 8

https://tinyurl.com/mu9w6mnr; https://cakesdecor.com/cakes/159312-crossword-cake ............... 9

*Merriam-Webster*, www.merriam-webster.com/dictionary/non%20sequitur ............................. 14

www.amazon.com/Detangling-Including-Massage-Styling-Straight/dp/B07SZGB688............. 11

This is Plaintiff's Response to Defendants' Opposition To Plaintiff's Motion For Judgment On The Record ("Defendants' Response").

I.     STANDARD OF REVIEW

> Defendants write:
>
> As this Court has held previously, it will not substitute its own judgment on the merits of the Customs examination, but will examine decisions made in connection therewith on a reasonableness standard."

*Doc. 24 at 5* (citations omitted). It is not at all clear that CBP continues to be granted such deference in light of *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024) ("Loper Bright"). The U.S. Supreme Court instructed courts to apply their independent judgment when interpreting statutes rather than deferring to an agency's interpretation. It is not clear whether the courts will continue to give as much or even any deference to CBP's decisions regarding the customs broker exam.

Whatever the state of current standard of review, Plaintiff is not asking the Court to substitute its own judgment on the merits of the customs broker exam. Plaintiff accepted and worked within the confines of both the customs broker exam and the appeal process as designed by CBP. Plaintiff instead challenges the score that CBP gave on ten questions and its refusal to change that score at the agency level. Plaintiff is not questioning CBP's authority to devise a customs broker exam or the format that the agency chooses for the exam. CBP is clearly granted the power to do both under 19 U.S.C. Code § 1641(b)(2), i.e., to "conduct an examination to determine the applicant's knowledge of customs and related laws, regulations and procedures, bookkeeping, accounting, and all other appropriate matters." But once CBP chooses the type of examination it will administer, it must abide by the strictures of the examination format. By

choosing a multiple-choice format, both it and exam-takers are held to a higher standard of precision than is expected for, say, an exam format that asks for a short answer or an essay.

The customs broker exam is multiple choice. Multiple choice exams are brutal in their design and effect. If an exam is properly designed, there can be only one correct answer and exam-takers are given no wiggle room. They do not receive partial credit for a "good try." In the same manner, the author of a multiple choice exam question is not permitted a "good try" for nearly drafting a proper multiple choice exam question.

If Plaintiff answered a customs broker exam question correctly, Plaintiff must be given full credit. It does not matter whether CBP acted capriciously or arbitrarily or whether there is another answer, just as good, that CBP prefers. Similarly, if an exam question is confusing or suffers from fatal ambiguity or structure, in other words, if a single answer cannot be inferred that is conclusively correct or conclusively more correct than the other answers, then CBP may not penalize the exam-taker for a wrong answer.

## II.    DEFENDANTS FALSELY ACCUSE PLAINTIFF OF PRESENTING NEW EVIDENCE

Defendants write:

> In its moving brief, plaintiff presents evidence to the Court that it did not submit to CBP in connection with his two administrative appeals.

*Id. at 6*. Defendants misrepresent Plaintiff's brief. Plaintiff is offering no evidence beyond what is in the agency record. Defendants do not cite to any new or old evidence that Plaintiff supposedly presented in his brief. No such evidence exists. Plaintiff's legal arguments and supporting authorities are not evidence. The Court should disregard Defendants' argument.

### III.  SECTION 1641(E) IS IRRELEVANT TO PLAINTIFF'S LEGAL ARGUMENTS

Defendants quote 19 U.S.C. § 1641(e) to support their argument that Plaintiff should have first sought leave of the Court to present new arguments:

> If any party applies to the court for leave to present *additional evidence* and the court is satisfied that the *additional evidence* is material and that reasonable grounds existed for the failure to present the *evidence* in the proceedings before the hearing officer, the court may order the *additional evidence* to be taken before the hearing officer and to be presented in a manner and upon the terms and conditions prescribed by the court. The Secretary may modify the findings of facts on the basis of the *additional evidence* presented.

*Id. at 6* (emphasis added). As with their new evidence argument, Defendants again fabricate things that Plaintiff did not do. Section 1641(e) does not mention legal arguments. Section 1641(e) addresses only additional evidence. Once again, Plaintiff did not seek relief from the Court because Plaintiff is not presenting new evidence. Plaintiff seeks judgment wholly on the agency record.

Defendants also urge the Court to ignore legal arguments that Plaintiff did not raise at the agency level. *Id. at 7*. But other than invoking the wrong statute, Defendants offer no authority for their request.

Defendants' argument is itself a new legal argument that Defendants did not raise at the agency level. In fact, Defendants have no shame and do not discern their hypocrisy when they make arguments they did not raise at the agency level. See exam question 39, below.

Unlike Defendants, Plaintiff raised his legal arguments earlier in his Original Complaint. *See Doc. 4*. Defendants did not object to Plaintiff's inclusion of his latest arguments and therefore waived any right to now complain.

Legal counsel are not transcriptionists who only cut and paste the agency record into this lawsuit. Advocacy is required. Legal counsel are duty-bound to raise the latest authorities and most controlling legal precedents and arguments available, even if those authorities and precedents were not raised at the agency level. Plaintiff has endeavored to discharge this obligation.

Finally, this lawsuit is the first and only opportunity afforded to Plaintiff to respond to Defendants' legal arguments from the agency record. On October 3, 2024, CBP for the first and only time at the agency level, explained its reasons for denying Plaintiff's appeal. Plaintiff was not permitted to challenge CBP's reasons at the agency level. Plaintiff's only option was to sue in the U.S. Court of International Trade and to raise the arguments found in his complaint and in his brief. Plaintiff should not be denied the right to defend against Defendants' arguments.

## IV.     EXAM QUESTIONS

### EXAM QUESTION 14

14. For General Order (GO) merchandise regularly landed but not covered by a permit for its release is authorized to remain at the place of unlading until the 15th calendar day after landing. If an entry has not been made for the merchandise, the owner, operator of an imported vehicle or agent must notify CBP no later than 20 calendar days after landing, a monetary penalty will be assessed. What is the greatest penalty amount per bill of lading that can be assessed?

    A. $1,000.00
    B. $1,500.00
    C. $2,000.00
    D. $3,000.00
    E. $5,000.00

    CBP's Answer: A                Plaintiff's Answer: E

Plaintiff stands by its arguments in its Motion and does not feel there is a need to supplement those arguments or to reply further to Defendants' response. The Court should credit Plaintiff with a correct answer.

## EXAM QUESTION 29

29. What type of entry is required for goods brought into the customs territory of the United States by the National Aeronautics and Space Administration (NASA) from space or from a foreign country as part of an international program of NASA?

    A. 01 - Formal Entry
    B. 11 - Informal Entry
    C. 51 - Defense Contract Management Agency (DCMA) is the importer of record and filer of the entry
    D. 52 - Any U.S. Federal Government agency (other than DCMA) is the importer of record
    E. Entry is not required

    CBP's Answer: E                Plaintiff's Answer: A

Plaintiff stands by its arguments in its Motion and does not feel there is a need to supplement those arguments or to reply further to Defendants' response. The Court should credit Plaintiff with a correct answer.

## EXAM QUESTION 36

36. A basic importation and entry bond must contain all of the following bond conditions **EXCEPT**:
    A. If access to the customs security areas at airports is desired, the principal (including its employees, agents, and contractors) agrees to comply with the CBP regulations in 19 CFR, Chapter 1, applicable to customs security areas at airports. If the principal defaults, the obligors (principal and surety, jointly and severally) agree to pay liquidated damages of $1,000 for each default or such other amount as may be authorized by law or regulation.
    B. The principal agrees to keep safe any merchandise placed in its custody including, when approved by CBP, repack and transfer such merchandise when necessary for its safety or preservation.
    C. If merchandise is released conditionally to the principal before all required documents or other evidence is produced, the principal agrees to furnish CBP with any document or evidence as required by law or regulation, and within the time specified by law or regulations.
    D. If merchandise is released conditionally to the principal before its right to admission into the United States is determined, the principal, after notification, agrees to mark, clean, fumigate, destroy, export, or do any other thing to the merchandise in order to

comply with the law and regulations governing its admission into the United States with the time period set in the notification.

E. If the principal obtains permission to have any merchandise examined elsewhere than at a wharf or other place in charge of a CBP officer, the principal agrees to hold the merchandise at the place of examination until the merchandise is properly released.

CBP's Answer: B                    Plaintiff's Answer: D

Plaintiff stands by its arguments in its Motion and does not feel there is a need to supplement those arguments or to reply further to Defendants' response. The Court should credit Plaintiff with a correct answer.

## EXAM QUESTION 38

38. What is the **CLASSIFICATION** of a book of crossword puzzles? The book measures 6 inches (in) by 9 in, is softcover, and contains 75 pages of pre-printed crossword puzzles labeled as appropriate for adults.

    A. 4901.99.0093
    B. 4901.99.0092
    C. 4903.00.0000
    D. 9503.00.0090
    E. 9503.00.0013

CBP's Answer: D                    Plaintiff's Answer: A

Defendants claim the following:

> To bolster its argument, plaintiff presents new evidence consisting of several screenshots, including screenshots depicting Google's search results of the terms "children's toy puzzles" and "book of crossword puzzles," and screenshots depicting the search "book of crossword puzzles" in Amazon Prime.

*Id.* at 16 *(footnote omitted)*. Defendants repeatedly misrepresent Plaintiff's motion. Plaintiff's images are examples, not evidence. They are illustrative and are offered in support of Plaintiff's motion. Plaintiff never claimed that what is shown in the images are at issue in this lawsuit.

PLAINTIFF'S REPLY                                                                                           7

Defendants also argue:

> The rule of *ejusdem generis* is not applicable here. The term "puzzles of all kinds" in heading 9503, HTSUS, does not consist of a list of named articles followed by a general "catchall" term. Moreover, nothing in the text of heading 9503, HTSUS, suggests that its scope is limited to solely children's goods. See GRI 1.

*Id.* at 17. Defendants are wrong for at least two reasons. First, *ejusdem generis* does not require a "catchall" term for the rule to apply. If a "catchall" were required, Defendants should have cited to legal authority in support. Second, "nothing in the text of heading 9503, HTSUS suggests that its scope is limited solely children's goods" is the opposite of the actual rule. *Ejusdem generis* is a rule of construction or interpretation applied to a list of similar items when the list does not explicitly say, "these are all children's goods." If the list explicitly said, "these are all children's goods," then *ejusdem generis* would not be needed. But it is needed in this case and its application controls the classification.

A book of puzzles for adults clearly and absolutely does not belong with the toys for little kids and babies of heading 9503:

> Tricycles, scooters, pedal cars and similar wheeled toys; dolls' carriages; dolls, other toys; reduced scale ("scale") models and similar recreational models, working or not; puzzles of all kinds; parts and accessories thereof...

Defendants would have the Court lump a New York Times puzzle book for adults with dolls' carriages and tricycles for little children. Defendants would also classify the following clothing, because they are all imprinted with crossword puzzles, with scooters and wheeled toys of heading 9503:[1]

---

[1] https://tinyurl.com/ms2pw9u4; https://tinyurl.com/y92tt3d7; https://tinyurl.com/4jf7nyc6p; https://tinyurl.com/33cy9v2a



Defendants would be wrong because clothes, like adult puzzle books, are not classified under heading 9503. The same is true for this candle and this cake both with a crossword puzzle design:[2]

 

The same applies to this tablecloth, a pouf ottoman, and blanket.[3]

  

---

[2] https://tinyurl.com/mu9w6mnr; https://cakesdecor.com/cakes/159312-crossword-cake
[3] https://tinyurl.com/58ttpmjz; https://tinyurl.com/3v4svs5h; https://tinyurl.com/ycx4ma3a

All the items just shown have crossword puzzles, just like a book of crossword puzzles has crossword puzzles. None of these items are classified under heading 9503.

Plaintiff should receive a passing credit on exam question 38.

## EXAM QUESTION 39

39. What is the **CLASSIFICATION** of a children's detangling hairbrush? It has a plastic handle and features soft bristles on a sponge base. The brush can be used on wet or dry hair and is valued at 52 cents each.

>   A. 9603.29.4010
>   B. 9603.29.8010
>   C. 9603.30.6000
>   D. 9603.90.8050
>   E. 9615.11.3000

>   CBP's Answer: B                    Plaintiff's Answer: E

Everything about Defendants arguments regarding exam question 39 is wrong, but the most revealing flaw is Defendants' reliance on arguments that CBP did not raise at the agency level. Defendants are being inconsistent, to put it mildly. Defendants are eager to invoke exterior sources and new arguments to buttress their defense but demand that the Court prevent Plaintiff from invoking exterior sources or new arguments to buttress his legal arguments.

Defendants did not even seek leave from the Court even though they insist Plaintiff should seek leave to present new arguments.

Defendants quote from online version of Merriam-Webster. *Id. at 19*. Second, Defendants offer new and different arguments than CBP offered at the agency level. Here is the only reason that CBP provided to defend rejecting Plaintiff's exam answer:

> Per a GRI 1 analysis, Appellant Chen should have reviewed heading 9603, which clearly states that hairbrushes are classified in that heading. Therefore, viable classification precludes classification in heading 9615.

PLAINTIFF'S REPLY                                                                                       10

*Doc. 13 at 198*. Defendants have since abandoned the claim that heading 9603 clearly states that hairbrushes are classified in that heading. It is hard to blame Defendants for such an audacious retreat given that heading 9603 makes no such statement.

Plaintiff does not object to either party raising new legal arguments if the arguments are relevant and helpful. But Defendants' legal arguments are neither relevant nor helpful. Defendants quote the following definition of "brush" from Merriam-Webster:

> an implement with a handle, consisting of bristles, hair, or wire set into a block, used for cleaning or scrubbing, applying a liquid or powder to a surface, *arranging the hair*, or other purposes.

*Doc. 24 at 19 (emphasis added).* Defendants then contrast that definition with the definition for "comb" from the same dictionary:

> a toothed instrument used especially for adjusting, cleaning, or confining hair.

*Id.* Defendants juxtapose these two definitions that clearly match and, in a logic-defying reach, conclude that a comb and a hairbrush just don't belong together.

Here is Plaintiff's rebuttal:[4]

---

[4] www.amazon.com/Detangling-Including-Massage-Styling-Straight/dp/B07SZGB688.




Shown are combs with hairbrushes and a little girl using one of the hairbrushes to detangle her hair…exactly what is being classified in Question 39. Combs and hairbrushes are found and used together in just about every home and store on the planet. A hairbrush and a comb are a natural, universal, and long-standing pairing. The same cannot be said for a child's hairbrush and, per Defendants' preferred heading 9603, a hand-operated mechanical floor sweeper. Those two things are just never seen, grouped, or considered within the same category or classification. This is not close Defendants' answer, B, is wrong. Plaintiff's answer, E, is correct. Plaintiff should receive a passing credit on exam question 39.

### EXAM QUESTION 42

42. Best Seafood Import Company is entering a product called "Bonito del Norte" from Spain. The fish is in pieces, packaged in glass jars and is invoiced as "Bonito del Norte, White Tuna in Olive Oil." The documents provided include National Oceanic and Atmospheric Administration (NOAA) Form 370 "Fisheries Certificate of Origin", which lists "Thunnus Alalunga in Oil" under the "Description of Fish" section, and a Captain's Statement stating that no dolphins were harmed during the catch. What is the **CLASSIFICATION** of this product?

    A. 0302.31.0000
    B. 1604.14.1091
    C. 1604.14.2259
    D. 1604.14.7000

E. 1604.19.2500

CBP's Answer: B                Plaintiff's Answer: A

Defendants write:

> CBP's use of the phrase "prepared fish" in its reasoning was *simply a short hand reference* for "fish, prepared or preserved" in heading 1604, HTSUS, and it did not rely on any special industry definitions when it denied credit for Question No. 42.

*Id. at 22*. CBP should not be permitted to use its secret shorthand in the customs broker exam. CBP cannot expect exam-takers to guess CBP's secret meanings. Exam-takers should not be expected to read CBP's mind. CBP's secret shorthand was not listed on the Notice of Examination. *Doc 4-1 at 2*. If something is not on the Notice of Examination, CBP may not include it in the customs broker exam. CBP's reliance on secret shorthand is reason enough to strike question 42 and to give Plaintiff credit for a correct answer.

Plaintiff chose exam answer A. 0302.31.0000, which covers "Fish, fresh or chilled." Even if CBP were allowed to use secret shorthand (which it is not), Plaintiff's answer would still be correct. Imported fish is chilled from the time it is captured and stays chilled through processing, shipping, and delivery. Chilling is necessary to prevent the spread of deadly bacteria to people who eat the fish.[5] The fish described in exam question 42 would have to be chilled at importation and, thus, Plaintiff's answer, A, is correct

Finally, exam question 42 says that the fish were "in pieces, packaged and glass jars." The exam question does not say the fish were "prepared fish or preserved fish" of Heading 1604.

---

[5] *Fish and Fishery Products Hazards and Controls Guidance*, Department Of Health And Human Services Public Health Service Food And Drug Administration Center For Food Safety And Applied Nutrition Office Of Food Safety (June 2022), www.fda.gov/media/80637/download ("chill" appears sixty-seven times in this report).

PLAINTIFF'S REPLY                                                                 13

  Plaintiff's answer A is correct. Plaintiff should receive a passing credit on exam question 42.

## EXAM QUESTION 44

44. What is the **CLASSIFICATION** for a 1,080-pixel high-definition digital camera with an interchangeable lens and three-inch liquid crystal display (LCD) that captures both still images and moving images?

  A. 8519.89.3000
  B. 8525.80.4000
  C. 8525.80.5015
  D. 8525.80.5050
  E. 8527.12.0000

  CBP's Answer: B       Plaintiff's Answer: D

  Defendants argue:

> Question No. 44 contains ample information to identify the correct answer. The tariff term "digital still image video cameras" in subheading 8525.80.4000, HTSUS, is clear and unambiguous. It describes a digital camera that can capture still images and record video – which is precisely the camera described in Question No. 44 ("captures both still images and moving images."). The fact that the HTSUS does not contain a detailed description of the functionality of a "digital still image video camera" does not mean that the term is incomprehensible. Plaintiff simply failed to properly interpret the tariff term. Furthermore, CBP is not required to use the precise wording of a statute or regulation in its question. Therefore, there is no deficiency to Question No. 44.

*Doc. 24 at 24.* There are three reasons Defendants are wrong. First, Defendants are wrong to expect exam-takers to "interpret" vital terms in a multiple choice question. If a question is ambiguous or vague, as here, then the question fails, not the exam-taker. Second, Defendants employ straw man. Plaintiff did not contend that "digital still image video cameras" is "incomprehensible," although Defendants' use of that word is certainly an unintentional confession of the exam question's defects. Rather, Plaintiff noted that "digital still image video

cameras" is a *non sequitur*. A *non sequitur* is "a statement (such as a response) that does not follow logically from or is not clearly related to anything previously said."[6] Plaintiff explained that "digital still image video cameras" embody this inconsistency, that a "digital still image" and "video" are opposites, that the former means an image that does not move while the latter requires movement. It would be like saying "vegan fresh beef." Third, if CBP insists on drafting a multiple choice exam question with a *non sequitur* or ambiguous terms as the key term, then CBP must resolve the contradiction by providing unequivocal terms to permit the exam-taker to pick a single, correct answer. Exam question 44 provides no such definition or tie-breaking guidance. It is fatally and irredeemably flawed. The Court should credit Plaintiff with a correct answer.

## EXAM QUESTION 54

54. The new owner of a previously recorded trademark would like to continue the recordation with CBP. The trademark is for an item with gray market counterpart the owner would like protection against based on physical and material differences. The following are all actions the owner must take to continue the recordation **EXCEPT:**

   A. Pay a fee of $80.00 which covers all trademarks included in the application
   B. State the basis for the asserted physical and material differences with particularity and competent evidence with summaries of the differences for publication in the Customs Bulletin
   C. The identity of any parent or subsidiary company or other foreign company under common ownership (only for those with aggregate ownership of more than 40% of the business entity) and common control which uses the trademark abroad
   D. Describe any time limit on the rights of ownership transferred
   E. Submit a status copy of the certificate of registration certified by the U.S. Patent and Trademark Office showing the title to be presently in the new owner's name

   CBP's Answer: C                    Plaintiff's Answer: B

---

[6] *Merriam-Webster*, www.merriam-webster.com/dictionary/non%20sequitur.

Defendants did not respond to Plaintiff's main argument on exam question 54. Plaintiff argued that exam question 54 is incomprehensible. The exam question and its answers are both flawed. Plaintiff used excerpts from both to support this point. The English and sentence structure are inexcusably baffling. Instead of contending with Plaintiff's point, Defendants decided to engage in misdirection. Defendants dedicated three and a half pages to exam question 54 but they never rebutted Plaintiff's contention. Unchallenged, the Court should grant Plaintiff credit for a correct answer.

### EXAM QUESTION 63

63. A shipment has arrived on an East coast port with an arrival date of Monday, May 4, 2020, at 11:05AM Eastern Time (ET). The error-free entry summary, with payment, is submitted at the arrival port on Thursday, May 7, 2020, at 16:40 PM ET. What is the presentation date and time for non-opening moment quota purposes?

   A. Monday, May 4, 2020 – 11:05AM ET
   B. Tuesday, May 5, 2020 – 08:00AM ET
   C. Thursday, May 7, 2020 – 16:40PM ET
   D. Friday, May 8, 2020 – 08:30AM ET
   E. Friday, May 8, 2020 – 09:00AM ET

   CBP's Answer: D            Plaintiff's Answer: B

Defendants' own words make Plaintiff's point:

> Second, Question No. 63 did not contain any information regarding the approval of overtime. As such, plaintiff cannot reach a conclusion based on his own assumptions or conjecture.

*Id.* at 30. Defendants concede that it was not possible for Plaintiff to choose a single, correct answer exactly because exam question 63 did not contain any information regarding the approval of overtime. Leaving out information that an exam-taker needs to choose the single, correct answer to a multiple choice question renders the exam question completely useless and deficient. Defendants condemn "assumptions and conjecture," but it is Defendants' own badly worded

PLAINTIFF'S REPLY                                                                                             16

exam question that forces an exam-taker to rely on assumptions and conjecture. The Court

should credit Plaintiff with a correct answer.

## EXAM QUESTION 78

78. Under which scenario can a broker bill a freight forwarder (FF) for Customs duties without sending a copy to the importer?

    A. The broker obtains a Sub-Power of Attorney (POA) from the FF, on behalf of the importer, and a valid POA from the importer.
    B. The importer is told in advance of the name of the FF selected by the broker to handle their Customs transactions.
    C. The importer is told in advance of the name of the FF selected by the broker to handle their Customs transactions and the broker transmits directly to the FF, a true copy of the brokerage charges for the fees and charges collected by or through the forwarder.
    D. The broker is provided a POA from the FF, on behalf of the importer, to handle the importer's Customs transactions.
    E. The broker is provided the importer's signed waiver of the requirements to receive a true copy of the broker charges, when fees and charges are to be collected by or through the FF, and the importer is told in advance the name of the broker selected by the FF to handle their Customs transactions.

CBP's Answer: E          Plaintiff's Answer: D

Here is Defendants' defense of exam question 78:

> Plaintiff is conflating the issuance of a bill by CBP as opposed to the issuance of a bill by a licensed customs broker. CBP issues a bill detailing the final computation of duties, taxes, and fees owed for a particular entry, as determined at liquidation. Pursuant to 19 C.F.R. § 24.3(a), such a bill must be issued "by an authorized Customs officer or employee on an official form." However, this requirement, pertaining to the issuance of a bill upon liquidation of an entry, is not relevant to Question No. 78. The call of Question No. 78 is to identify in what circumstances a licensed customs broker may send a bill for customs business conducted on behalf of an importer to a freight forwarder, rather than directly to an importer.

*Id. at 32.* Defendants' clarification is wonderfully edifying. Unfortunately, it is *post hoc,* was

nowhere in exam question 78, and was not available to Plaintiff when he sat for the customs

PLAINTIFF'S REPLY          17

broker exam. Plaintiff instead had to contend with "Under which scenario can a broker bill a freight forwarder (FF) for Customs duties without sending a copy to the importer?" Contrast that actual exam question with Defendants' revision: "identify in what circumstances a licensed customs broker may send a bill for customs business conducted on behalf of an importer to a freight forwarder, rather than directly to an importer." The two sentences could not be more different. The former, *verbatim* from exam question 78, strongly suggests that a customs broker bills and collects customs duties from a freight forwarder. There are two problems: customs broker cannot bill and collect customs duties and freight forwarders do not owe or pay customs duties. CBP should have instead written question 78 this way: "identify in what circumstances a licensed customs broker may send a bill for customs business conducted on behalf of an importer to a freight forwarder, rather than directly to an importer." CBP did not do that, and Defendants cannot rehabilitate question 78 after the fact. The Court should credit Plaintiff with a correct answer.

                                                  Respectfully submitted,

                                                  /s/ Oscar Gonzalez
                                                  Oscar Gonzalez

                                                  /s/ Ruth Rodriguez
                                                  Ruth Rodriguez

                                                  Gonzalez Rolon et al LLC
                                                  2911 Turtle Creek Boulevard, Suite 300
                                                  Dallas, Texas 75219
                                                  Attorneys for Plaintiff
                                                  Brandon Chen

Dated:  July 30, 2025

PLAINTIFF'S REPLY                                                                                            18